■ In the Matter of ALLISON DENNIS, Doing Business as ASHLEY-WINSLOW, LTD., Respondent, v GAIL S. SHAFFER, as Secretary of State of the State of New York, et al., Appellants. — Levine, J. Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered March 22, 1984 in Albany County, which granted petitioner's application insofar as it requested that respondents be enjoined from enforcing a notice of violation issued against petitioner under General Business Law article 27.

Petitioner conducts a cosmetology business under the name of Ashley-Winslow, Ltd. in the Town of Colonie, Albany County. At this location, she and 12 employees market skin care and beauty products (made to petitioner's specifications), apply cosmetics and perform facials. While petitioner is a duly licensed cosmetologist, her employees are not so licensed.

On March 11, 1983, an inspector from respondent Division of Licensing Services inspected petitioner's shop and determined that the shop and the five employees at work there at the time were not properly licensed. Accordingly, petitioner was served on that date with a notice of violation, charging that she was in violation of General Business Law § 402 because the shop and the five employees present at the time of the inspection were not licensed to practice cosmetology. Petitioner was further directed to correct the violations and submit a notice of compliance within 10 days thereafter.

Petitioner did not comply with this directive. Instead, on March 24, 1983, she sent a letter to respondent Secretary of State stating her contention that her business was exempt from the licensing requirements in question because she was involved in the manufacture of cosmetics and not engaged in the practice of cosmetology.

On or about August 11, 1983, petitioner moved by order to show cause to void the notice of violation and enjoin respondents from enforcing it. Respondents answered, asserting the Statute of Limitations as an affirmative defense. Special Term granted the petition, ruling that the Statute of Limitations did not apply to this matter due to the continuing nature of the activities sought to be enjoined. Special Term further held that petitioner was exempt from the licensing requirements of General Business Law § 402 because she was a manufacturer of facial creams within the meaning of General Business Law § 414 (4).

We reverse on the ground that petitioner is engaged in the practice of hairdressing and cosmetology within the meaning of General Business Law article 27 with the result that she and her employees are subject to its licensing requirements. Pursuant to General Business Law § 401 (5), a person is engaged in the practice of hairdressing and cosmetology when she undertakes, *inter alia:* "by the use of tonics, lotions, creams [or] cosmetics * * * to massage, cleanse, or exercise the scalp, face [and] neck * * * or to do any similar work intended to enhance the appearance". These are the services which petitioner and her employees perform. Accordingly, respondent Secretary of State's directive that they must be duly licensed is correct.

In so holding, we note that we are unpersuaded by petitioner's argument that she is exempt from the licensure requirements of General Business Law § 402 on the ground that she is a "manufacturer" of facial creams and lotions (General Business Law § 414 [4]). The fact that petitioner sells cosmetics prepared and packaged by independent laboratories to her specifications does not make *her* the manufacturer thereof. While petitioner has developed the recipes for the cosmetics which she sells, she has left their "manufacture" to the independent laboratories.

We are similarly unpersuaded by Special Term's decision to give the term "manufacture" a broad definition because the Legislature has done so in other statutes (*cf.* General Business Law § 384 [8]; § 500 [9]). The purpose of those broad definitions was to widen the regulatory authority to be imposed upon the businesses described, with the goal of making them subject to licensure. This is the opposite of what petitioner is attempting when she urges a broad interpretation of the term here, i.e., the bypassing of State licensure requirements. We conclude that the judgment appealed from must be reversed.

In view of the foregoing decision on the merits of this case, it is unnecessary to address the issue of whether this action is barred by the four-month Statute of Limitations applicable to CPLR article 78 proceedings.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.